UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON,<br><br>    Petitioner,<br><br> v.<br><br>UNITED STATES PROBATION AND PRETRIAL SERVICES,<br><br>    Respondent. | CASE NO. C21-5812 MJP<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S HABEAS PETITION |

  This matter comes before the Court on Petitioner Antoine Douglass Johnson's Petition for Habeas Corpus (Dkt. No. 1) and Respondent's Motion to Dismiss (Dkt. No. 20). Having reviewed the Petition, the Motion to Dismiss, Petitioner's Jurisdictional Challenge (Dkt. No. 7), Petitioner's Traverse and Request for Judicial Notice (Dkt. Nos. 21, 23), Respondent's Reply (Dkt. No. 24), Petitioner's Surreply (Dkt. No. 26), and all supporting materials, the Court GRANTS Respondent's Motion to Dismiss and DISMISSES the Petition for lack of subject matter jurisdiction.

## BACKGROUND

Appearing pro se and on supervised release, Johnson has filed a writ of habeas corpus ostensibly under 28 U.S.C. § 2241, challenging his 2011 federal conviction for health care fraud, filing false income taxes, and distribution of controlled substances. Johnson asserts his actual innocence, arguing that based on a 2017 change to health care-related regulations, the Government should have but did not obtain a search warrant as part of pretrial investigation into Johnson's conduct that led to his arrest and conviction. (Dkt. No. 1 at 10.) Johnson asks the Court to reverse his conviction and sentence. (Id.)

This is not the first time Johnson has sought post-conviction relief on the same theory and evidence. After losing a direct appeal of his conviction before the Ninth Circuit, Johnson filed a petition under 28 U.S.C. § 2255 seeking to vacate his convictions, including a claim of actual innocence. Johnson v. U.S.A., C14-6018RBL, Dkt. No. 1 (W.D. Wash.). The "actual innocence" claim was based on the theory that a court order was necessary to commence the undercover investigation of Johnson's clinics, and that once the resulting evidence was excluded "there would be no evidence to consider, nor proof beyond a reasonable doubt." Id. at 28-34. Judge Leighton rejected these arguments as procedurally defaulted and/or meritless, and specifically found that Johnson's "actual innocence" theory "is not a claim of actual innocence" under the governing standard. Id., Dkt. No. 15 (W.D. Wash. June 11, 2015). Neither the district court nor the Ninth Circuit granted a certificate of appealability.

Between 2016 and 2018, Johnson filed five § 2241 petitions in the Eastern District of California attacking his conviction, four of which raised the same or similar actual innocence claims. See Johnson v. Salazar, 2:17-cv-1310-JAM-KJN ("Salazar I"); Johnson v. Ponce, 2:16-cv-1037-JAM-AC ("Ponce"); Johnson v. Salazar, 2020 WL 901479, at *4 (E.D. Cal. Feb. 25, 2020), report and recommendation adopted, 2020 WL 1274132 (E.D. Cal. Mar. 17, 2020) ("Salazar II"); Johnson

v. Thompsen, No. 2:18-cv-1977-JAM-AC ("Thompsen I"); Johnson v. Thompsen, No. 2:18-cv-2580-MCE-AC ("Thompsen II"). Indeed, the latter three petitions included arguments that the 2017 revisions to the federal regulations compelling finding a warrant was required and that the failure to do so rendered his conviction unconstitutional. But the courts reviewing all of these petitions found that they failed to present claims of actual innocence, and were actually unauthorized successive § 2255 petitions over which they did not have subject matter jurisdiction.

And just last year Johnson filed an almost identical habeas petition under 28 U.S.C. § 2241 asserting the same claims as presented here. (Dkt. No. 1-1 at 2 (citing Johnson v. U.S. Probation and Pretrial Servs., C21-5125-JCC (W.D. Wash. Aug. 31, 2021)).) The materials Johnson has filed in support of his current petition were also filed in the prior petition assigned to Judge Coughenour. (Compare Dkt. No. 1 with, e.g., Johnson, C21-5125, Dkt. Nos. 10, 17, 18, 19.) Judge Coughenour dismissed the petition as an authorized successive § 2255 petition that did not satisfy the actual innocence "escape hatch" that might allow the petition to be treated as a § 2241 petition. (Johnson, C21-5125 Dkt. No. 64.) The Ninth Circuit affirmed the dismissal. (Id., C21-5269 Dkt. No. 72.) The Ninth Circuit has not authorized the present petition.

## ANALYSIS

A.   **Subject Matter Jurisdiction**

The Court must first review Petitioner's habeas petition to determine whether it has subject matter jurisdiction over it. See Fed. R. Civ. P. 12(h)(3); Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006); Rules 1 and 4 of the Rules Governing 28 U.S.C. § 2254. To do so, the Court must assess whether the petition is properly construed as a § 2241 petition or an unauthorized successive § 2255 petition over which it does not have jurisdiction.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention." Stephens v. Herrera, 464 F.3d 895, 897 (9th

Cir. 2006) (citation omitted). And successive petitions under § 2255 are barred unless the Court of Appeals authorizes it after finding: (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." See 28 U.S.C. § 2244(b)(2) and (3).

An unauthorized habeas petition challenging the legality of a sentence may avoid the successive petition bar if it meets the "escape hatch" of Section 2255(e)—in which case it is properly considered a Section 2241 petition. "Under the 'escape hatch' provision of § 2255(e) [] a federal prisoner may file a § 2241 petition, but only if the § 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" Shepherd v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1076 (9th Cir. 2021) (quoting 28 U.S.C. § 2255(e)). "A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits." Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). But relief under Section 2255 is not "inadequate or ineffective" merely because Section 2255's gatekeeping provisions prevent a prisoner from filing a second or successive motion in the sentencing court. Ivy, 328 F.3d at 1059 (citation omitted).

A Section 2241 petition is permissible under the "escape hatch" when a petitioner (1) makes a claim of actual innocence, and (2) demonstrates that he has not had an "unobstructed procedural shot" at presenting his claims. Stephens, 464 F.3d at 898. "[A] claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614, 623 (1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Stephens, 464 F.3d at 898. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. And to demonstrate the absence of an

unobstructed shot to raise the claim, the petitioner must show that the claim did not become available until after exhaustion of a direct appeal and the petitioner's first Section 2255 motion. Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008).

Johnson has not demonstrated compliance with the "escape hatch." First, Johnson has not alleged that he is actually, factually innocent of the crimes of which he was convicted. Stephens, 464 F.3d at 898. Instead, Johnson claims he is actually innocent because the law has changed and his previously unlawful conduct is now lawful. Johnson has not shown there was a substantive change in the law that has been applied retroactively to his case resulting in credible actual innocence claim. As such, Johnson's innocence claim does not fall within the narrow exception of the savings clause. See Salazar II, 2020 WL 901479 at *4 (discussing Thompsen II and finding redefinition of the words "holds itself out" involves legal, not factual innocence). Second, Johnson fails to demonstrate that he has not had an "unobstructed procedural shot" at presenting this claim. See id. Johnson had the opportunity to raise similar issues in his first § 2255 petition and did so. As the court explained in detail in Salazar I, the regulatory changes Johnson identifies do not give rise to a claim which had not previously existed and which §2255 was therefore inadequate to vindicate. See Salazar I, Dkt. No. 16 at 9-21 (noting petitioner had raised substantially similar issues pretrial, on direct appeal, and in his § 2255 petition, and that subsequent minor changes to the regulations did not create any new claims); see also Thompsen II; Salazar II, 2020 WL 901479 at *4 (discussing Thompsen II and finding redefinition of the words "holds itself out" was the same regulatory framework discussed in Ponce, Salazar I, and Salazar II, and Johnson had a chance to raise similar issues in the court of conviction and did). Therefore, Petitioner had an unobstructed shot to raise this claim previously. For these reasons, the Court finds that Johnson has failed to meet the § 2255(e) "escape hatch" and that his petition is properly construed as an unauthorized successive § 2255 petition over which the Court lacks subject matter jurisdiction. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999). The Court

1   also notes that an evidentiary hearing is unnecessary because the determination of the Court's subject

2   matter jurisdiction presents only issues of law. See 28 U.S.C. § 2243.

3       Johnson argues that he may bring his habeas claims under § 2241 simply be showing a

4   "miscarriage of justice" or "cause and prejudice." (Dkt. No. 15 at 3 (citing McQuiggin v.

5   Perkins, 569 U.S. 383 (2013).) Johnson's argument misses the mark. In McQuiggin, the Court

6   explained that "actual innocence, if proved, serves as a gateway through which a petitioner may

7   pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this

8   case, expiration of the statute of limitations." McQuiggin, 569 U.S. at 386. But this rule has

9   application only if the Court first determines that a successive § 2255 meets the actual innocence

10  "escape hatch" and can be considered a § 2241 petition. Only then would the Court need to

11  analyze whether a separate procedural bar should be set aside to avoid a miscarriage of justice or

12  for cause and prejudice. Because the Court lacks subject matter jurisdiction, the rule announced

13  in McQuiggin has no bearing to the Court's decision.

14  **B.**    **Intervention**

15      Petitioner's mother and co-defendant, Lawanda Johnson, has filed a motion to intervene

16  in this matter. (Dkt. No. 4.) Ms. Johnson argues that she has a right to intervene under Rule

17  24(a)(2) on the theory that Johnson's habeas petition also calls into question the constitutionality

18  of her own conviction. There are two problems with this argument. First, the request itself is

19  moot given the Court's determination that it lacks subject matter jurisdiction over Johnson's

20  petition. Second, Ms. Johnson must file her own habeas petition in order to challenge the

21  constitutionality of her conviction. Rule 2(d) of the Rules Governing Section 2255 Proceedings

22  makes this clear, as it requires the "moving party who seeks relief from more than one judgment

23  [to] file a separate motion covering each judgment." As such, the Court DENIES the Motion to

24  Intervene.

C.  **Certificate of Appealability**

A petitioner may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Johnson has not demonstrated that reasonable jurists could conclude that the issues he presents deserve encouragement to proceed further. The Court therefore refuses to issue a COA as to the claims presented.

## CONCLUSION

The Court lacks subject matter jurisdiction to review Johnson's habeas claims related to his 2011 conviction. Although styled a Section 2241 petition, the present habeas petition is an unauthorized successive Section 2255 petition that fails to meet the escape hatch under Section 2255(e). The Court therefore DISMISSES the petition without prejudice. And the Court DENIES Lawanda Johnson's Motion to Intervene. The Court will not issue a COA.

The clerk is ordered to provide copies of this order to Petitioner and all counsel.

Dated February 16, 2022.

Marsha J. Pechman
United States Senior District Judge