UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON, | CASE NO. C21-5812 MJP |
| Petitioner, | ORDER DENYING POST-JUDGMENT MOTIONS |
| v. | |
| UNITED STATES PROBATION AND PRETRIAL SERVICES, | |
| Respondent. | |

This matter comes before the Court on Petitioner Antoine Douglass Johnson's Motion to Alter or Amend the Judgment (Dkt. No. 36), Motion for Amended or Additional Findings (Dkt. No. 38), Second Motion to Alter or Amend the Judgment (Dkt. No. 41), Second Motion for Amended or Additional Findings (Dkt. No. 42), and Request for Certificate of Appealability (COA) (Dkt. No. 45). Having reviewed the Motions, the Responses (Dkt. Nos. 44, 48), the Replies (Dkt. Nos. 47, 49), and all supporting materials, the Court DENIES the Motions and Request for a COA.

# BACKGROUND

The Court dismissed Johnson's habeas petition, finding it to be an unauthorized successive § 2255 petition over which the Court lacks subject matter jurisdiction. (See Order of Dismissal, Dkt. No. 32.) Johnson now asks the Court to reconsider its decision for a variety of reasons. First, Johnson asks the Court to reconsider the dismissal on the theory that he has presented newly acquired evidence of his actual innocence which warrants relief under Fed. R. Civ. P. 59(e) and Local Rule 7(h). (Dkt. No. 36). Second, invoking Fed. R. Civ. P. 52(b), Johnson asks the Court to make an additional finding of fact that he presented new evidence of his actual innocence. (Dtk. No. 38.) Third, invoking Fed. R. Civ. P. 59(e), Johnson argues that he is entitled to an evidentiary hearing on the question of whether he was denied a "full and fair" opportunity to present his first § 2255 habeas petition. (Dkt. No. 41.) Fourth, citing Rule 52(b), Johnson asks the Court makes a new "finding" that "the ends of justice" would be met if he were allowed to relitigate his "'holds itself out' claim' previously decided against" him. (Dkt. No. 42.) Lastly, Johnson asks the Court to issue a COA. (Dkt. No. 45.)

# ANALYSIS

## A.    Standard

The Court has wide discretion under Rule 59(e) to amend or alter the judgment. McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). In general, the Court may amend its judgment: (1) to correct "manifest errors of law or fact" on which the judgment rests, (2) when presented with newly discovered or previously unavailable evidence, (3) to prevent manifest injustice, or (4) due to "an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). This same standard generally applies to motions brought under Rule 52(b), which permits a party

1   to ask the Court to "amend its findings—or make additional findings—and [] amend the

2   judgment accordingly." Fed. R. Civ. P. 52(b). Additional or amended findings under Rule 52(b)

3   may be appropriate but only if the moving party presents new evidence that could not have been

4   offered before the judgment was entered. See Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 998

5   (9th Cir. 2001).

6       Johnson's Motions also ask for reconsideration which is "disfavored" in this District. See

7   Local Rule 7(h)(1). Per Local Rule 7(h), the court will ordinarily deny motions for

8   reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of

9   new facts or legal authority which could not have been brought to its attention earlier with

10  reasonable diligence." Id.

11  **B.      Motions Regarding Johnson's "Actual Innocence" Claim**

12      Johnson's first Rule 59(e) Motion asserts that he has presented newly discovered

13  evidence of his actual innocence that merits amending the judgment. (Dkt. No. 36.) But Johnson

14  provides no evidence that the material he presents are newly discovered and the dated materials

15  themselves bear no evidence of when Johnson discovered them. (See Dkt. No. 34, 35, 36, 37.)

16  Even if the Court were to consider the materials to be newly acquired, they would not alter the

17  fact that Johnson has not presented evidence that he is actually, factually innocent of the crimes

18  for which he was found guilty. See Bousley v. United States, 523 U.S. 614, 623 (1998). The First

19  Motion to Amend (Dkt. No. 36) fails to satisfy the standards under Local Rule 7(h) or Rule

20  59(e), and the Court therefore DENIES it.

21      The Court similarly finds no merit in Johnson's request for the Court to make "additional

22  findings of fact" as to this claim. (Dkt. No. 38.) First, the Court has made no findings of fact in

23  ruling on his habeas petition. There are therefore no findings amend. Second, even if the Court

24

1   had, it finds no merit in the requested "findings." Johnson asks that the Court find that he

2   presented "new reliable evidence" from the "Washington State Attorney General documents"

3   that show his actual innocence. (Dkt. No. 38.) But as explained in the Dismissal Order and

4   above, the evidence Johnson cites to does not appear newly discovered. Nor is the Court

5   convinced that any of it shows Johnson's actual innocence. The Court DENIES the Motion,

6   which fails to show any basis for amending the judgment (Dkt. No. 38.)

7   **C.      Motions Regarding Evidentiary Hearing**

8          Citing Sanders v. United States, 373 U.S. 1 (1963), Johnson's second Rule 59(e) Motion

9   asks the Court to revisit its denial of his request for an evidentiary hearing on the theory that he

10   was not afforded a "full and fair" hearing on his first § 2255 habeas petition. (Dkt. No. 41.)

11   Johson's Motion fails to show manifest error or any basis for relief.

12          Johnson argues that he was denied a "full and fair" hearing on his first § 2255 petition

13   and that this entitles him to pursue a successive § 2255 motion. (Dkt. No. 41.) But Johnson

14   identifies no new evidence that could not or was not already presented to the Court before it

15   found that it lacks subject matter jurisdiction over Johnson's unauthorized successive § 2255

16   habeas petition. Nor does Johnson's Motion present any basis to conclude he was denied a "full

17   and fair" hearing on his first § 2255 petition in front of Judge Leighton. Johnson identifies no

18   grounds for the Court to revisit its earlier decision and the Court DENIES the Motion (Dkt. No.

19   41).

20          Similarly, in his second Rule 52(b) Motion, Johnson asks the Court to find that he should

21   be permitted to "religitat[e]" the merits of "the 'holds itself out' claim previously decided against

22   [him]" in his prior §2255 motion. (Dkt. No. 42.) This argument appears to further Johnson's

23   claim that he was denied a "full and fair" opportunity to present his arguments on his first § 2255

24

1   pettiion. This argument fails for the same reasons as explained in the preceding paragraph. And

2   given that the Court has not issued any findings of fact that might be amended through Rule

3   52(b), the Motion asks for inappropriate relief. Additionally, Johnson's proposed "findings" are

4   not properly considered factual findings. The Court DENIES the Motion (Dkt. No. 42).

5   **D.     Certificate of Appealability**

6          Johnson again asks for a certificate of appealability. A COA may issue only where a

7   petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

8   2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could

9   disagree with the district court's resolution of his constitutional claims or that jurists could

10  conclude issues presented are adequate to deserve encouragement to proceed further." Miller-El

11  v. Cockrell, 537 U.S. 322, 327 (2003). Johnson continues not to demonstrate that reasonable

12  jurists could conclude that the issues he presents deserve encouragement to proceed further. The

13  Court again DENIES Johnson's request for a COA.

14                                      **CONCLUSION**

15         Johnson has not persuaded the Court that there exists any basis on which to amend or

16  alter the judgment entered in this matter. The Court DENIES all of the post-judgment Motions

17  filed and DENIES the request for a COA. This matter remains closed.

18         The clerk is ordered to provide copies of this order to Petitioner and all counsel.

19         Dated March 8, 2022.

20

21                                      Marsha J. Pechman
                                        United States Senior District Judge

22

23

24